IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01560-BNB
(**The above civil action number must appear on all future papers sent to the Court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

AKEEM MAKEEN,

      Plaintiff,

v.

HONORABLE ROBERT LEWIS MCGAHEY, JR., in his official capacity as a Denver District Judge of the Denver District Court, and
THE CITY AND COUNTY OF DENVER,

      Defendants.

---

ORDER OF DISMISSAL

---

      Plaintiff, Akeem Makeen, resides in Denver, Colorado.  He initiated the instant action by filing *pro se* a Complaint (ECF No. 1) pursuant to the Americans with Disabilities Act (ADA), and 42 U.S.C. §§ 1983, 1981, 1985(3), and 1988.  He asks for a declaration that his constitutional were violated and for injunctive relief, including requiring Defendants to comply with the ADA and for "all orders and judgments from both trials from Denver District Court case number 12CV6221" to be vacated.  ECF No. 1 at 21. He also has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2).  Mr. Makeen will be granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

      The Court must construe Mr. Makeen's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);  *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  For the reasons stated below, the Complaint will be dismissed.

Mr. Makeen alleges that he suffers from severe mental illness.  He further alleges he is an epileptic who takes medication to control seizures, recently was diagnosed with diabetes, and is hearing impaired.  He complains that Defendant, the Honorable Robert Lewis McGahey, Jr., forced him to proceed to trial in Denver District Court Case No. 12-cv-06221 without accommodating his ADA requests.  He disagrees with the trial court's rulings throughout the state court proceedings including those denying his ADA-accommodation requests, asserts he experienced seizures throughout  the proceedings, and contends the seizures and his hearing impairment interfered with his ability to remember and participate in the proceedings.  He maintains he is suing Defendant, the City and County of Denver, as Judge McGahey's employer and because it is "the proper entity to be sued" under the ADA and § 1983.  ECF No. 1 at 2.

Strong support exists for finding that, not only do state courts have concurrent jurisdiction over ADA claims, but also that the ADA does not set forth a specific and uniquely federal right or remedy for the federal court to enjoin state court proceedings or issue an injunction for ADA purposes.  *See Braverman v. New Mexico*, No. 11-cv-0829 JB/WDS, 2011 WL 6013587, at *19 (D. N.M. 2011) (citing *Mitchum v. Foster*, 407 U.S. 225, 237 (1972) ("[T]o qualify as an expressly authorized exception to the anti-injunction statute, an Act of Congress must have created a specific and uniquely federal right or

remedy, that could be frustrated if the federal court were not empowered to enjoin a state proceeding.") (internal quotation marks omitted)); *see Hapgood v. City of Warren,* 127 F.3d 490, 494 (6th Cir. 1997) ("State courts have concurrent jurisdiction over ADA claims."); *Zatarain v. WDSU-Television, Inc.,* No. 95-30604, 1996 WL 97105, at * 3 (5th Cir. Feb. 7, 1996) ("Zatarain concedes, as she must, that the Louisiana state courts have concurrent jurisdiction over Title VII and ADA claims. . . ."). To the extent Mr. Makeen asks this Court to enjoin state court proceedings or issue an injunction for ADA purposes, the Court may not do so.

Mr. Makeen clearly wants this Court to reverse state court proceedings in No. 12-cv-06221, which he contends violated his rights to equal protection and due process, among other federal constitutional rights. To the extent Mr. Makeen asks this Court to review and reverse the state court decisions in No. 12-cv-06221, the Court also may not do so. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine prohibits "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (internal quotation marks and citation omitted); *see also Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004). The *Rooker-Feldman* doctrine also bars claims that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at

3

482 n.16.  "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield*, 389 F.3d at 1147-48.  "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148 (internal quotation marks omitted); *see also Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment).

If no final judgment had been entered in the state court action, this Court still must abstain from exercising jurisdiction over claims asking the Court to intervene in ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

To the extent Mr. Makeen asks this Court to compel the state court to vacate its orders, he is seeking relief in the nature of mandamus.  Pursuant to 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.  The common-law writ of mandamus, as codified in § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (mandamus will "issue only to compel the performance of a clear nondiscretionary duty.") "Mandamus is a drastic remedy, available only in extraordinary circumstances.  Furthermore, the writ is not available when review by other means is possible." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993)

4

(citations omitted).  "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

In the instant action, Mr. Makeen has not presented the Court with an extraordinary situation mandating mandamus relief.  He has no clear right to the relief sought, the named Defendant does not owe him a clear nondiscretionary duty, and he does not allege that no other adequate remedy is available.

Mr. Makeen is suing an improper party.  His constitutional claims against the Honorable Robert Lewis McGahey, Jr., a Denver District Court judge, are subject to dismissal based on the doctrine of judicial immunity.  Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his authority, *see Stump*, 435 U.S. at 1105.   Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990).  Mr. Makeen does not state any facts to indicate that Judge McGahey was acting outside of his judicial capacity.

Local governments can be liable under § 1983 "only for their *own* illegal acts." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (internal quotation marks and

citations omitted) (emphasis in original).  "They are not vicariously liable under § 1983

for their employees' actions."  *Id.*  Therefore, municipalities, such as the City and County

of Denver, are not liable under § 1983 solely because their employees inflict injury on a

plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978);

*Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability,

a plaintiff must show that a policy or custom exists and that there is a direct causal link

between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489

U.S. 378, 385 (1989).  Mr. Makeen cannot state a claim for relief against the City and

County of Denver under § 1983 merely by pointing to isolated incidents.  *See Monell*,

436 U.S. at 694.  He fails to cite to any policy that caused him injury.  Since Judge

McGahey has not committed a constitutional violation, he cannot not provide the nexus

required for municipal liability under § 1983 to attach.  *See Ellis ex rel. Estate of Ellis v.*

*Ogden City*, 589 F.3d 1099, 1104-05 (10th Cir. 2009) (observing that municipal "liability

will not attach where there was no underlying constitutional violation by any of the

municipality's officers" (brackets and internal quotation marks omitted)).   The municipal

liability claim fails.

The Complaint and the action will be dismissed without prejudice for lack of

subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine or, if applicable

*Younger* abstention.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Makeen files a notice of appeal he also must pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.

Accordingly, it is

ORDERED that the Application to Proceed in District Court Without Prepaying

Fees or Costs (ECF No. 2) is granted.  It is

FURTHER ORDERED that the Complaint (ECF No. 1) and action are dismissed

without prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman*

doctrine or, if applicable, *Younger* abstention.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.   It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  11th  day of     June          , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court